DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court summary judgment in an action brought by Donna Gail Dickess and Keith Dickess, Appellees, against the Lawrence County Commissioners, Lawrence Township Trustees, and several individuals[1] owning property adjacent to Lawrence Township Road 248, which is at issue. Appellants assert on appeal that the trial court erred in granting Appellees' motion for summary judgment because genuine issues of material fact exist in the record precluding summary judgment. We agree, in part, and therefore find some merit in Appellant's sole assignment of error. Accordingly, we reverse the decision of the trial court, in part, affirm in part, and remand for further proceedings consistent with this opinion.
 {¶ 2} Appellees are the owners of real property adjacent to Lawrence Township Road 248. On August 22, 2002, the Commissioners passed a resolution declaring the width of the road to be thirty feet, thereby widening the road from its historical width of ten feet. Appellees commenced this case in an effort to block that action. Specifically, they argued that the Commissioners violated various provisions in R.C. Chapter 5553 regarding alteration of county roads. Appellees asked for injunctive relief, a declaratory judgment that the Commissioners' resolution was null and void, and a judgment directing them to proceed with a land appropriation proceeding pursuant to R.C. Chapter 163. The Commissioners and the Trustees filed a joint answer and denied that their attempts to widen the road were unlawful.
 {¶ 3} Appellees filed a motion for summary judgment asserting that no genuine issues of material fact exist in this case. Appellees specifically argued that they were entitled to a judgment 1) finding the township road is ten feet wide; 2) ordering the Lawrence County Engineer to submit a survey that establishes a description of the roadway; and 3) declaring that the Commissioners and Trustees failed to comply with statutory provisions necessary for widening the road. Appellants filed a memorandum contra, arguing that genuine issues of material fact remain and must be resolved.
 {¶ 4} On July 28, 2004, the trial court granted summary judgment in favor of the Appellees, but only as to the issue of the roadway's width. The court determined that no genuine issues of material fact exist with regard to the width of the road and, as Appellees argued in their motion, the road is ten feet wide. The court further ordered the Lawrence County Engineer to conduct a survey to establish a description of the roadway. Having found that the road was ten feet wide, the court further found that the other matters raised in the motion had been rendered moot and, thus, overruled them. The court then found "no just cause for delay." An appeal followed, which this Court dismissed without addressing the merits.
 {¶ 5} In that opinion, we found a jurisdictional problem in that the judgment appealed was not a final, appealable order. Our reasoning was based on our determination that the trial court, in its judgment entry, merely determined the width of the road at issue, which was a determination that did not affect a substantial right.[2] As such, the trial court had failed to actually enter judgment for either party on any claim in the case. We also noted that there were three branches to Appellees' Complaint and the trial court did not enter judgment for any party on any of the three branches.
 {¶ 6} As a result of the dismissal of the prior appeal, the trial court, on July 12, 2005, released a second judgment entry. In this entry, the trial court again determined the width of roadway to be ten feet, but also affirmatively granted judgment in favor of Appellees on Branch One of their Complaint.[3]
The trial court also declared the Resolution of the Lawrence Township Trustees relating to Township Road 248 to be null and void and in violation of Appellees' property rights. Further, the trial court again ordered the Lawrence County Engineer to conduct a survey to establish a description of the roadway. Accordingly, we find the trial court's judgment entry of July 12, 2005, to be a final, appealable order and will proceed on the merits. On appeal, Appellants' assign a single error for our review.
 {¶ 7} "I. THE HONORABLE TRIAL COURT ERRED IN GRANTING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST IN THE RECORD THAT PRECLUDE SUMMARY JUDGMENT."
 {¶ 8} In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. Midwest Specialties, Inc. v. FirestoneCo. (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: 1) that there is no genuine issue as to any material fact; 2) that the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled the have the evidence construed most strongly in its favor. Bostic v.Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; see, also, State ex rel. Coulverson v. Ohio Adult Parole Auth.
(1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment.Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 145, 677 N.E.2d 308; citing Dresher v. Burt (1996),75 Ohio St.3d 280, 295, 1996-Ohio-107, 662 N.E.2d 264.
 {¶ 9} Appellants argue that Township Road 248 was established by either common law dedication or prescription. Appellants concede that the current width of the road is ten feet, but assert "that the road was wider at some time(s) in the last 21 years than it is now, and that the plaintiffs' actions have resulted in the road becoming narrower over time." In support of this assertion, Appellants submitted an affidavit from Lawrence Township Trustee, Kenneth Everhart. Appellants argue that this evidence created a genuine issue of material fact precluding summary judgment. We disagree.
 {¶ 10} Appellees assert that the road at issue was obtained by the public by prescription, not common law dedication. As such, Appellees argue that the width of the roadway, including right-of-way, is only that width actually obtained through adverse possession by the public. We agree, in part, with Appellees' characterization of the rights of use acquired by the public with respect to the width of the roadway itself. However, we disagree with Appellee and the court below that the determination of a ten foot width includes the necessary right-of-way for maintenance of the road.
 {¶ 11} Our reasoning is guided by Attorney General Opinions 88-080 and 94-032, both of which address and delineate the ways in which public roads may be established. Opinions released by the Ohio Attorney General are not binding authority, but are considered persuasive authority. State ex rel. North OlmsteadFire Fighters Assn. v. North Olmstead (1992), 64 Ohio St.3d 530,533, 1992-Ohio-4, 597 N.E.2d 136. 1994 Op. Att'y Gen. No. 940-32, relying on 1988 Op. Att'y Gen. No. 88-080, examined the various ways in which public roads may be established, which include 1) statutory appropriation; 2) dedication, either statutory or by common law; and 3) prescription, "which occurs `where it is shown that the general public has used a tract of land in a way adverse to the claim thereto of the title holder of record under some claim of right for an uninterrupted period of at least twenty-one years'." (Citation omitted).
 {¶ 12} Further, Opinion 94-032 addressed a question regarding the minimum right-of-way for a township road. In arriving at the answer to this question, the Attorney General distinguished public roads that were "located" or "established" pursuant to R.C. 5553.03(A), presumably as a result of appropriation or statutory dedication, from public roads that were "established" by prescription, or adverse possession. Specifically, in his conclusion, the Attorney General stated, in pertinent part, as follows:
"2. Pursuant to R.C. 5553.03, a public road established by a board of county commissioners after September 6, 1915, must, with certain exceptions described therein, be at least thirty feet wide.
3. The right of way of a township road established by commonlaw dedication or prescription includes both the improved roadsurface used for travel and as much of the land immediatelyadjacent thereto, and the use thereof, as is necessarily incidentto the safe and efficient use of such road surface for actualtravel." (Emphasis added).
 {¶ 13} Thus, public roads established by common law dedication or prescription are not subject to R.C. 5553.03's minimum thirty foot width requirement. Here, Appellants, by their own admission in their briefs in this matter, concede that the roadway was established "either by common law dedication or by prescription." As such, the Commissioners' attempt to bring this road within R.C. 5553.03's thirty foot width requirement was erroneous. Therefore, the trial court's declaration that the Resolution of the Lawrence County Commissioners of August 22, 2002 was null and void was appropriate. Accordingly, we affirm this portion of the trial court's decision.
 {¶ 14} However, we must also address whether the trial court's declaration of a ten foot width of Township Road 248, including right-of way, was proper. Because Township Road 248 was never formally appropriated or dedicated, it was never actually "located" or "established" with any definite description. Although the following cited cases deal with interpretation of descriptions contained in various instruments such as deeds or plats, we find the reasoning contained therein is persuasive and applicable by analogy to the case sub judice. For instance, it has been held that "[i]f there is no specific delineation of the easement in the instrument, or if the delineation is ambiguous, then a court may fashion a reasonable interpretation of the easement. Murray v. Lyon (1994), 95 Ohio App.3d 215, 219,642 N.E.2d 41." Gurr v. Broshear (April 14, 1997), Butler App. No. CA9610201, 1997 WL 176268 (addressing a trial court's determination of the width of a public road). It has further been held that "[t]he trial court's interpretation of the easement will be reviewed de novo, but any factual findings regarding reasonableness will be upheld if the reviewing court can discover competent, credible evidence that supports the trial court's conclusion." Id.
 {¶ 15} In the case sub judice, because there exists no specific delineation of Township Road 248, the trial court couldreasonably interpret the width of the easement, which in this case consists of the traveled roadway and necessary right-of-way. In doing so, the trial court could have reasonably relied on Appellee, Keith Dickess', testimony, which was not contradicted by Appellants, that he purposely limited the public's use of the roadway to ten feet by placing stakes and planting trees. Thus, we find that the trial court could have reasonably concluded that the width of the actual roadway itself consists of ten feet, not including right-of-way.
 {¶ 16} However, Attorney General Opinion 94-032 also provides for a determination of the necessary right-of-way of a public road established by prescription, stating that such right-of-way "includes both the improved road surface used for travel and as much of the land immediately adjacent thereto, and the use thereof, as is necessarily incident to the safe and efficient use of such road surface for actual travel." While there is no genuine issue of fact that the width of the actual road is ten feet, there does exist a genuine issue of fact as to the width necessary for the right-of-way.
 {¶ 17} In the court below, Appellant presented evidence tending to show that the township requires more than ten feet to maintain the roadway. Specifically, Earl Fradd, Township Mower/Grader Operator, stated in his affidavit that the Township required a width of at least twelve feet to properly grade the road and a width of at least fifteen to sixteen feet to properly mow along the side of the road. Based upon the testimony of Mr. Fradd, we find that there exists a genuine of material fact with respect to the width of the right-of-way necessary to maintain Township Road 248. We further conclude that it would be unreasonable to declare Township Road 248 to be a public road, thereby charging the Township with the duty to maintain the road, without granting the Township the right-of-way needed to maintain the road. To do otherwise would expose the Township to unnecessary liability concerns.
 {¶ 18} Accordingly, we reverse the trial court's determination that the necessary right-of-way is included within the ten foot width of the roadway. Further, we remand this matter for further proceedings to determine the width of the right-of-way. In light of our determinations herein, we also find it necessary to reverse the trial court's order that the Lawrence County Engineer survey the road and establish a description of the roadway, with a specification that the road, including right-of-way, extends five feet on either side of the center line.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and that the Appellees and the Appellants split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] The County Commissioners named in this action are Jason C. Stephens, Paul H. Herrell and George R. Patterson. The Township Trustees named in this action are Kenneth L. Everhart, Jon P. Collier and Alvin J. Harper, Jr. The property owners named in this action are John Harper, Norma J. Harper, Merrill David Humphreys, Edith R. Humphreys, Robert Jameson, Janice Jameson, William McKenzie and Karen McKenzie.
[2] We reasoned that the width of a roadway is an interlocutory determination capable of being changed by the court at any time prior to the entry of final judgment for either party.
[3] Just prior to release of the trial court's second judgment entry, Appellees voluntarily dismissed Branches two and three of their Complaint.