# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97977

## IN RE: L.H. AND T.H.
## Minor Children

## [Appeal By Legal Guardian for Lat.H. and T.H.]

### JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD 10913088 and AD 10913091

**BEFORE:** E. Gallagher, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**     September 6, 2012

[Cite as *In re L.H.*, 2012-Ohio-4062.]
ATTORNEY FOR APPELLANT


Britta M. Barthol
P.O. Box 218
Northfield, Ohio    44067

ATTORNEYS FOR APPELLEE

**Cuyahoga County Department of**
**Children and Family Services**

William D. Mason
Cuyahoga County Prosecutor
BY: Mark Adelstein
Assistant County Prosecutor
C.C.D.C.F.S.
8111 Quincy Ave., 4th Floor
Cleveland, Ohio    44104

**Guardian Ad Litem For L.H.**

Russell Ezolt
26341 Strawberry Lane
Westlake, Ohio    44145

**Guardian Ad Litem For T.H.**

James Schultz
1370 Ontario Streeet # 1520
Cleveland, Ohio    44113

**Guardian Ad Litem, Minor Mother of T.H.**

Jeffrey Froude
P.O. Box 771112
Lakewood, Ohio    44107


**Minor Mother of T.H. and L.H.**

Mark Witt

6209 Barton Road
North Olmsted, Ohio 44070
EILEEN A. GALLAGHER, J.:

{¶1} Appellant, Lillie Jenkins ("Jenkins"), appeals the decision of the Cuyahoga County Juvenile Court that overruled her objections to the magistrate's decision and denied her motion to set aside the magistrate's ruling that removed her as a party from the case. For the following reasons, we reverse and remand the matter for proceedings consistent with this opinion.

{¶2} As an initial matter, we note that the originally assigned trial judge, Judge Joseph F. Russo, did recuse himself from further proceedings in the matter when the matter came on for hearing on December 8, 2011, but that he did adopt the magistrate's decision in an order of December 14, 2011. No party has raised any concern over this anomaly.

{¶3} The case was reassigned to Judge Kristin W. Sweeney who reviewed the magistrate's decision, the objections to the magistrate's decision, the motion to set aside the magistrate's ruling and the response to both the objections and the ruling and she made findings and issued her final order on February 9, 2011. It is from that order that this appeal has been taken.

{¶4} Jenkins had been awarded legal custody of minor children Las.H. (DOB 5/23/93) and Lat.H. (DOB 8/1/94) on December 15, 1995. Las.H. gave birth to T.H. (DOB 7/7/07) and he was committed to the legal custody of Jenkins on March 18, 2009. Las.H. became emancipated on May 23, 2011. This appeal addresses only the minor children T.H.

and Lat.H.

**{¶5}** On July 20, 2010, T.H. was ordered placed in shelter care following an ex parte telephone hearing wherein abuse, neglect and dependency were alleged by Cuyahoga County Department of Children and Family Services ("CCDCFS") pursuant to R.C. 2151.31(A)(3) and 5153.16(A)(2).

**{¶6}** On July 21, 2010, the CCDCFS filed complaints of dependency in the juvenile court and sought temporary custody of all three children, to-wit: Lat.H., Las.H. and T.H. The complaints alleged that the children had previously been committed to the legal custody of Jenkins and alleged that T.H. was a dependent child as defined in R.C. 2151.04(C) and that Lat.H. and Las.H. were dependent and abused as defined in R.C. 2151.031(B) and R.C. 2151.04(C) and (D). The complaints further alleged that Judge Stokes, on June 19, 2010, had issued a no-contact order preventing contact between the child(ren) and the legal custodian.

**{¶7}** The record reflects that the no-contact order was issued in a case then pending wherein appellant Jenkins had been charged with domestic violence and three counts of child endangerment with the named victims being the three minor children who were in her legal custody.

**{¶8}** The complaint as to T.H. alleged that his "minor mother has been diagnosed with developmental delays and is unable to meet the daily needs of the child and that she suffers with 'behavorial and emotional issues' which prevent her from being able to provide a

safe and stable home" for T.H. and further that paternity has not been established, and grandparents are either unknown, incarcerated or cannot be located.

{¶9} On July 23, 2010, the court granted pre-adjudicatory temporary custody of the children in favor of CCDCFS and the children were placed into foster care. On December 7, 2010, an adjudicatory hearing was held before a juvenile court magistrate and appellant and Las.H. entered a stipulated agreement to the above-referenced allegations in the complaints.[1] The magistrate accepted the parties' agreement and adjudicated T.H. dependent and Las.H. and Lat.H. abused and dependent. The magistrate's adjudicatory decision was affirmed, approved and adopted by the trial court on February 14, 2011.

{¶10} A dispositional hearing was conducted on January 31, 2011, before a magistrate at which CCDCFS sought temporary custody of the children. The record reflects that appellant, through counsel, admitted to having entered a guilty plea to child endangering and that the no-contact order issued by Judge Stokes remained in place at the time of the hearing.

{¶11} The magistrate issued his decision in which he terminated the order of temporary custody to CCDCFS pursuant to Juv.R. 13 and then granted temporary custody of

---

[1]Appellant admitted to the allegations in the complaint but did not admit to a finding of abuse. Appellant admitted that she had been arrested and charged with child endangerment and was under a no-contact order. However, appellant's position at the hearing was that the children were dependent children in need of services through no fault of her own.

the children to CCDCFS pursuant to R.C. 2151.353(A)(2) noting that the children's continued residence in or return to the home would be contrary to the children's best interests and welfare.

{¶12}  The magistrate's decision was affirmed, approved and adopted by the trial court on May 13, 2011.

{¶13}  On April 7, 2011, appellant filed motions for visitation and legal custody of the children pursuant to R.C. 2151.353(G)(1)(b), asserting that her no-contact order had been lifted on April 6, 2011.  On July 17, 2011, CCDCFS filed a motion for first extension of temporary custody pursuant to R.C. 2151.353(E)(2) and R.C. 2151.415(A)(6) and (D), asking the trial court to extend its grant of temporary custody until January 20, 2012.

{¶14}  The magistrate held a dispositional review hearing on November 15, 2011. The magistrate noted that appellant had previously gained legal custody of the children in prior cases but that appellant was not a parent of the children and did not possess residual parental rights.  The magistrate held that the court's prior grant of temporary custody to CCDCFS extinguished appellant's relationship and legal connection to the children.  The magistrate explained:

> I'm going to make a ruling for the record that the granting of temporary custody terminated all rights and responsibilities of the legal custodian, and, therefore, the legal custodian is removed as a party and all of her motions are denied.

{¶15} The magistrate further found that the children's continued residence in, or return

to appellant's home, would be contrary to their best interests and welfare. The magistrate noted that the permanency plan for Las.H. and Lat.H. was independent living and the permanency plan for T.H. was to be returned to Las.H. The magistrate proceeded to grant CCDCFS's motion for an extension of temporary custody.

{¶16} On November 22, 2011, appellant filed objections to the magistrate's decision and a motion to set aside the magistrate's ruling. Appellant sought legal custody of T.H. and Lat.H. and reinstatement as a party in the case.

{¶17} On February 9, 2012, the trial court overruled appellant's objections, denied her motion to set aside the magistrate's ruling and affirmed, approved and adopted the magistrate's November 15, 2011 decision. Appellant appeals, advancing the following assignment of error:

> The trial court erred when it overruled the appellant's objections to magistrate's decision and motion to set aside magistrate's ruling.

{¶18} We review a trial court's adoption of a magistrate's decision for an abuse of discretion. *Wade v. Wade*, 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (11th Dist.1996). An abuse of discretion exists when a decision is not merely wrong, but arbitrary, unreasonable or unconscionable. *Covington v. Saffold*, 150 Ohio App.3d 126, 2002-Ohio-6280, 779 N.E.2d 838 (10th Dist.) ¶ 27, citing *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.*, 63 Ohio St.3d 498, 506, 589 N.E.2d 24 (1992). We likewise review a trial court's

award of legal custody pursuant to an abuse of discretion. *In re S.E.*, 8th Dist. No. 96031, 2011-Ohio-2042, ¶ 13, citing *In re Nice*, 141 Ohio App.3d 445, 455, 2001-Ohio-3214, 751 N.E.2d 552 (7th Dist.), *In re R.R.*, 9th Dist. No. 23641, 2007-Ohio-4808. Applying this deferential standard of review, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio St. Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶19} In this matter, the magistrate chose, by his own words, "* * * to stir the pot a little." It is unclear as to what particular pot he was stirring but he neglected to add all of the ingredients in order to make the proper result.

{¶20} Pursuant to R.C. 2151.42(B) the court may not modify or terminate an order granting legal custody of a child unless it finds, " * * * that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child."

{¶21} Because the magistrate did not make the appropriate findings as required by law, nor did the court in its order adopting the magistrate's decision, the trial court lacked authority to terminate the prior legal custody order in favor of Jenkins. *In re I.S.*, 9th Dist. No. 24763, 2009-Ohio-6432, ¶ 17. R.C. 2151.353(E)(2) allows for CCDCFS to file a motion requesting that the trial court terminate Jenkins's legal custody but specifically requires that the court comply with R.C. 2151.42. In the absence of compliance with R.C. 2151.42(B), we find that the trial court abused its discretion by adopting the magistrate's

decision that purported to terminate Jenkins's legal custodianship and remove her as a party.

{¶22} We do note that both Las.H. and Lat.H. have reached the age of majority. However, R.C. 2151.353(E)(1) provides:

> The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section * * * until the child attains the age of eighteen years if the child is not mentally retarded, developmentally disabled, or physically impaired, the child attains the age of twenty-one years if the child is mentally retarded, developmentally disabled, or physically impaired * * * .

{¶23} The record indicates that both Las.H. and Lat.H. suffer from mental retardation and developmental disabilities. We note that the trial court, however, has not explicitly addressed the issue of jurisdiction under R.C. 2151.353(E)(1).[2]

{¶24} The trial court's order is reversed, and the case is hereby remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the

common pleas court, juvenile division, to carry this judgment into execution.

---

[2]Although the trial court's February 9, 2012 journal entry indicates that the permanency plan for T.H. is for him to be returned to Las.H., the same journal entry indicates that as of that date, "[c]ontinued wardship is necessary and in the child's best interest."

**[Cite as *In re L.H.*, 2012-Ohio-4062.]**
          A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR