[Cite as *Dickess v. Stephens*, 2013-Ohio-1317.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| CARL KEITH DICKESS, et al., | : | |
| | : | |
| Plaintiff-Appellant | : | Case No. 12CA8 |
| | : | |
| vs. | : | |
| | : | |
| JASON STEPHENS, et al., | : | <u>DECISION AND</u> |
| | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendants-Appellees. | : | **Released: 02/22/13** |

_____
APPEARANCES:

Fazeel S. Khan, Blaugrund, Herbert, Kessler, Miller, Myers & Postalakis, Inc., Worthington, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and Robert C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for Appellees.

_____

McFarland, P.J.

{¶1} This is an appeal from a decision by the Lawrence County Common Pleas Court which denied Appellants' post-appeal motion to set aside a survey prepared by the Lawrence County Engineer. On appeal, Appellant, Kenneth Dickess[1] raises three assignments of error, contending that 1) the trial court erred as a matter of law by over-ruling Appellants' motion when Appellees submitted no evidence in rebuttal to the evidence

---

[1] A review of the record reveals that Mrs. Dickess died on January 27, 2008.

presented by Appellants; 2) the trial court's decision that the amended survey prepared by the Lawrence County Engineer and filed with the court on August 18, 2009, is a true and accurate survey of Township Road 248 North is against the manifest weight of the evidence; and 3) the trial court erred as a matter of law or, in the alternative, abused its discretion, by not holding an evidentiary hearing on the matter(s) presented in Appellant's motion.

{¶2} Having found no abuse of discretion on the part of the trial court in denying Appellant's motion without a hearing, and further finding that our consideration of the issues raised on appeal is barred by the doctrine of res judicata, we find no merit in the assignments of error raised by Appellant.   Accordingly, Appellants' assigned errors are overruled and we affirm the decision of the trial court.

FACTS

{¶3} We begin by noting that this matter is now before us for a fourth time.  As set forth in our most recent consideration of this matter, Appellants are the owners of real property adjacent to Lawrence Township Road 248. On August 22, 2002, the Lawrence County Commissioners passed a resolution declaring the width of the road to be thirty feet, thereby widening the road from its historical width of ten feet. Appellants commenced this

case in an effort to block that action. Specifically, they argued that the Commissioners violated various provisions in R.C. Chapter 5553 regarding alteration of county roads. Of particular importance to the present appeal, Appellant contended that the resolution was illegal, in part because the Commissioners had failed to order the County Engineer to make an accurate survey of the roadway.  Appellants asked for injunctive relief, a declaratory judgment that the Commissioners' resolution was null and void, and a judgment directing them to proceed with a land appropriation proceeding pursuant to R.C. Chapter 163. The Commissioners and the Trustees filed a joint answer and denied that their attempts to widen the road were unlawful.

{¶4} Appellants filed a motion for summary judgment asserting that no genuine issues of material fact existed in this case. Appellants specifically argued that they were entitled to a judgment 1) finding the township road is ten feet wide; 2) ordering the Lawrence County Engineer to submit a survey that establishes a description of the roadway;[2] and 3) declaring that the Commissioners and Trustees failed to comply with statutory provisions necessary for widening the road. Of relevance to the present appeal, Appellants argued in their motion for summary judgment

---

[2] This request made specifications as to the location of the centerline, the width of the road, and the length. Of importance herein, the request specified  "[t]he length being from County Road 61 to that point where Township Road 248 becomes impassible and dead ends."  The request did not make any specifications as to the direction of the roadway being either southerly or westerly after the point of impassiblity.

that the proceedings initiated by the Commissioners to widen the road were not in compliance with R.C. 5553.02, in part, because "ORC § 5553.02 requires that all county roads begin and end on a public roadway. In the instant case, the current and proposed roadway does not comply with this statutory requirement. Indeed, the road dead ends." Appellees filed a memorandum contra, arguing that genuine issues of material fact remained and must be resolved.

{¶5} On July 28, 2004, the trial court granted summary judgment in favor of the Appellees, but only as to the issue of the roadway's width. The court determined that no genuine issues of material fact existed with regard to the width of the road and, as Appellants argued in their motion, the road was ten feet wide. The court issued its first of several orders directing the Lawrence County Engineer to conduct a survey to establish a description of the roadway, specifying as to the length per Appellants' request that "[t]he length of the roadway shall be from where Lawrence Township Road 248 intersects with County Road 61 to a point where the road becomes impassable [sic] and dead ends." Having found that the road was ten feet wide, the court further found that the other matters raised in the motion had been rendered moot and, thus, overruled them. The court then found "no just

cause for delay." An appeal followed, which this Court dismissed without addressing the merits.

{¶6} In that opinion, we found a jurisdictional problem in that the judgment appealed was not a final, appealable order. Our reasoning was based on our determination that the trial court, in its judgment entry, merely determined the width of the road at issue, which was a determination that did not affect a substantial right. We reasoned that the width of a roadway is an interlocutory determination capable of being changed by the court at any time prior to the entry of final judgment for either party. As such, the trial court had failed to actually enter judgment for either party on any claim in the case. We also noted that there were three branches to Appellees' Complaint and the trial court did not enter judgment for any party on any of the three branches.

{¶7} As a result of the dismissal of the prior appeal, the trial court, on July 12, 2005, released a second judgment entry.[3] In this entry, the trial court again determined the width of roadway to be ten feet, but also affirmatively granted judgment in favor of Appellees on Branch One of their Complaint. The trial court also declared the Resolution of the Lawrence Township Trustees relating to Township Road 248 to be null and void and in violation

---

[3] Just prior to release of the trial court's second judgment entry, Appellees voluntarily dismissed Branches two and three of their Complaint.

of Appellants' property rights. Further, the trial court issued its second order directing the Lawrence County Engineer to conduct a survey to establish a description of the roadway. Thus, we found the trial court's judgment entry of July 12, 2005, to be a final, appealable order and therefore addressed the merits of the appeal.

{¶8} In the second appeal of this matter, which was initiated by Appellee Commissioners herein, it was argued that the trial court erred in granting summary judgment to Appellants herein because genuine issues of material fact existed. After considering the record before us, we ultimately affirmed the trial court's determination that the actual roadway at issue was ten feet wide; however, we remanded the matter for the limited purpose of determining the width of the right-of-way necessary in order to maintain the roadway. *Dickess v. Stephens*, 4th Dist. No. 05CA26, 2006-Ohio-4972. As such, we remanded the matter "for further proceedings to determine the width of the right-of-way."

{¶9} In response to our remand order, the trial court held an evidentiary hearing on October 14, 2008. After hearing the evidence presented by all parties, the trial court issued a final appealable order on November 5, 2008, finding "that the right-of-way, which includes both the improved road surface used for travel and the land immediately adjacent

thereto for the safe and efficient use of the actual road service should be 30 feet." The trial court, for the third time, ordered the Lawrence County Engineer to conduct a survey to establish a legal description of the roadway, specifying that the width of the right-of-way shall be 15 feet on both sides of the center line. The other specification as to the length of the road remained the same. Appellants herein filed another appeal from the trial court's order, which we later affirmed in *Dickess v. Stephens*, 4th Dist. No. 08CA38, 2010-Ohio-32, based upon our finding that the trial court's determination that the width of the adjacent right-of-way to be 30 feet was supported by ample, competent, and credible evidence. There was no remand order by this Court as part of our 2010 decision.

{¶10} While the last appeal was pending, the matter continued at the trial court level, with the County Engineer finally completing the survey of Township Road 248, as ordered by and per the specifications of the trial court. The survey was originally filed on March 3, 2009, and an amended survey was filed on August 18, 2009. After our 2010 decision in this matter was issued affirming the trial court's determination regarding the width of the road and adjacent right-of-way, Appellants filed a motion to set aside the amended survey, as well as a motion for injunctive relief on June 22, 2010. Appellants' motions were primarily based upon their assertions that the

survey was incorrect with regard to the length and also the general direction

of the road. Both motions were denied by the trial court on March 20, 2012.

It is from this final order that Appellants' have filed their fourth appeal,

setting forth three assignments of error for our review.

### ASSIGNMENTS OF ERROR

"I.    THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVER-
RULING APPELLANTS' MOTION WHEN APPELLEES
SUBMITTED NO EVIDENCE IN REBUTTAL TO THE
EVIDENCE PRESENTED BY APPELLANTS.

II.    THE TRIAL COURT'S DECISION THAT THE AMENDED
SURVEY PREPARED BY THE LAWRENCE COUNTY
ENGINEER AND FILED WITH THE COURT ON AUGUST 18,
2009 IS A TRUE AND ACCURATE SURVEY OF TOWNSHIP
ROAD 248, NORTH, IS AGAINST THE MANIFEST WEIGHT OF
THE EVIDENCE.

III.    THE TRIAL COURT ERRED AS A MATTER OF LAW OR, IN
THE ALTERNATIVE, ABUSED ITS DISCRETION, BY NOT
HOLDING AN EVIDENTIARY HEARING ON THE MATTER(S)
PRESENTED IN APPELLANTS' MOTION."

### ASSIGNMENTS OF ERROR I AND II

{¶11} In their first and second assignments of error, Appellants

contend that the trial court erred in overruling their motion to set aside the

survey, claiming that the trial court's determination that the revised survey

was true and accurate was against the manifest weight of the evidence. In

framing their arguments on these issues, Appellants suggest that we employ

a de novo standard of review in conducting our analysis, contending that

their motion to set aside the survey was "akin" to a motion for summary judgment. Specifically, Appellants claim that "it was a Motion from a party seeking affirmative relief on the basis that there was no genuine issue of material fact in dispute, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion that is adverse to the non-moving party."

{¶12} However, we disagree that the motion should be reviewed as denial of a summary judgment motion on appeal, for which we would employ a de novo standard of review. Further, we find Appellant's argument to be disingenuous to the extent that they claim there was no genuine issue of material fact, when they essentially filed their motion based upon their disagreement with the county engineer as to where the road ends. Clearly, the parties do not agree upon the facts.

{¶13} Although our research has revealed no particular standard of review for a motion to set aside a survey, we conclude that the motion was more "akin" to a motion to set aside a judgment, or order, which is more properly reviewed under an abuse of discretion standard. *Birr v. Birr*, 6th Dist. No. F-10-021, 2012-Ohio-187, ¶ 26 (using an abuse of discretion standard when reviewing a motion to set aside a separation agreement); *In re L.H.*, 8th Dist. No. 97977, 2012-Ohio-4062, ¶ 18 (using an abuse of

discretion standard when reviewing a motion to set aside a magistrate's ruling); *MCS Acquisition Corp. v. Gilpin*, 11th Dist. No. 2011-G-3037, 2012-Ohio-3018, ¶ 20 (using an abuse of discretion standard when reviewing a motion to set aside a default judgment; *Columbus Steele Castings Co. v. Alliance Castings Co., L.L.C.*, 10th Dist. No. 11AP-351, 11AP-355, 2011-Ohio-6826, ¶ 59 (using an abuse of discretion standard when reviewing a motion to set aside an injunction); *Federal Home Loan Mortgage Corp. v. Langdon et al.*, 4th Dist. No. 07AP12, 2008-Ohio-776, ¶ 16 (using an abuse of discretion standard of review when reviewing a motion to set aside a Sheriff's sale); *Nolan v. Nolan*, 4th Dist. No. 11CA3444, 2012-Ohio-3736, ¶ 23 (using an abuse of discretion standard when reviewing a motion to strike a guardian ad litem report).

{¶14} As such, we review the trial court's decision regarding the motion to set aside the survey for an abuse of discretion.  An "abuse of discretion" implies that a court acted in "an unreasonable, arbitrary, or unconscionable manner." See, e.g., *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, at ¶ 21; *State v. Herring* (2002), 94 Ohio St.3d 246, 255, 2002-Ohio-796, 762 N.E.2d 940; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion amounts to more than a mere error of law, but instead, equates to

a "perversity of will, passion, prejudice, partiality, or moral delinquency."
*Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748
(1993). Furthermore, when applying the abuse of discretion standard, we
may not substitute our judgment for that of the trial court. See, e.g., *Berk v.
Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶15} Appellants argued in their motion to set aside the county
engineer's August 18, 2012, survey that 1) the survey was inaccurate and
violated the court's order in that it shows the road extending beyond where it
becomes impassible and dead ends; 2) the survey was inaccurate as it shows
the road to be in a direction contrary to the location of the unimproved rough
surface; and 3) the survey is inaccurate as it shows the road too wide, or fails
to show the 10 foot portion for travel, as the traveled portion (improved) was
limited to ten feet and the area beyond the ten feet is limited for maintenance
purposes only.

{¶16} In support of their motion, Appellants attached an affidavit by
Carl Keith Dickess averring that the road becomes impassible at points 7 and
8 on the engineer's survey, and that the road goes off into a southerly
direction at point 11 on the survey, rather than in a westerly direction as
shown on the survey. Also attached to the motion is a letter by surveyor
Charles Miller dated December 18, 2009, which Appellant contends

supports his argument regarding the direction of the road.[4]  Appellant also attached a 1999 letter from the township trustees, and 2002 meeting minutes of the trustees discussing where the road ends.

{¶17} Appellees objected to Appellants' motion to set aside the survey, attaching the affidavit of David Lynd, Lawrence County Engineer, in support.  Lynd's affidavit states that the survey was prepared by his office, under his direction and supervision, and is a true and accurate survey of Township Road 248 North.  The affidavit further avers that the survey extends from County Road 61 to a point where the road becomes impassible and dead ends, which he further states is in the vicinity of point 11 on the survey.

{¶18} This case has had a long history.  Throughout the history of this matter, Appellants' have argued that the township's actions regarding the road were improper, in part because the county engineer had not prepared a survey of the road.  As such, it was Appellants that requested, from the beginning, that the trial court order that the county engineer prepare the survey.  Further, it was Appellants that requested the court to order that the survey be prepared with the specification that "[t]he length of the roadway shall be from where Lawrence Township Road 248 intersects with County

---

[4] The letter states that the unimproved road road lies within Appellants' property boundary when it enters into the southwest quarter of Section 23; however, the attachment to the letter does little if anything to clarify where the road is.

Road 61 to a point where the road becomes impassable [sic] and dead ends."
After finally having the survey prepared that they initially requested and
provided specifications for, Appellants now disagree with the county
engineer as to where the road becomes impassible.

{¶19} However, based upon the arguments of the parties, the history
of this case, and the evidence attached in support of Appellants' motion and
Appellees' objection to the motion, we cannot conclude that the trial court
abused its discretion in denying Appellants' motion. For instance, Lawrence
County Engineer, David Lynd, has been involved and referred to in this
litigation since its inception. In our last consideration of this matter, we
noted that Appellants had not objected to Lynd's testimony as an expert, and
also noted that Lynd had been the county engineer for twenty five years, had
a master's degree in civil engineering, was a registered professional surveyor
and was familiar with the roadway at issue. *Dickess v. Stephens*, 4th Dist.
No. 08CA38, 2010-Ohio-32, ¶ 16. To the extent that Appellants' motion
argues that the survey was inaccurate with respect to the end point and
direction of the roadway, based upon Appellants' own opinion and that of
another surveyor, Charles Miller, we find it was within the trial court's
discretion to reject this argument, as well as Miller's opinion, and instead to
accept Lynd's averment that the survey accurately depicted to roadway.

{¶20} Appellant further argues that the survey does not accurately describe the width of the roadway as being ten feet, rather than 30 feet. The issue of the width of the roadway has been extensively argued and settled. For instance, in our last consideration of this matter, we affirmed the trial court's determination that the county required fifteen feet on each side of the centerline of the road to adequately maintain the road. Implicit in that affirmance was the acceptance of the trial court's order that the county engineer establish a legal description of the roadway specifying that "the width of the right-of-way shall be 15 feet on both sides of the center line."

{¶21} A review of the amended survey filed on August 18, 2009, reveals that the county engineer complied with the directive of the court. For example, the survey is entitled "Centerline Survey of Township Road 248 in Accordance with Case No. 02-OC-873." The survey depicts the "Centerline of a 30' Right-of-Way" and states "See Final Appealable Order Case # 02-OC-873." Further, from a substantive standpoint, the survey shows a bold line marked "centerline." The survey further shows a dotted outer line marked "R/W," as well as an inner dotted line just outside the centerline, which is presumably the edge of the road and actually states "Edge of Existing Stone." In our view, this survey complies with the directive of the trial court, as affirmed by this Court. Thus, we find no abuse

of discretion on the part of the trial court in denying Appellant's motion to the extent that it argued the survey did not comply with the court's order.

{¶22} We further conclude, based upon our review of the record and as argued by Appellees, that our consideration of these issues is barred by the doctrine of res judicata. Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). The applicability of res judicata is a question of law that is subject to de novo review. *Rahawangi v. Alsamman*, 8th Dist. No. 83643, 2004-Ohio-4083.

{¶23} The doctrine of res judicata involves both claim preclusion (also known as estoppel by judgment) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.* at 380. Both theories of res judicata are used to prevent relitigation of issues already decided by a court on matters that should have been brought as part of a previous action. *Lasko v. Gen. Motors Corp.*, 11th Dist. No. 2002-T-0143, 2003-Ohio-4103. A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava* at 382.

{¶24} Here, a review of the record reveals that the question of where the road ends was in dispute even before the first appeal of this matter. For instance, the record before us contains a discovery filing on February 27, 2004, consisting of Lawrence County's answers to Appellant's request for admissions. This filing contains the following:

Admit:      Lawrence Township Road 248, in its current condition, is a gravel roadway that has an average width of ten feet, begins at County Road 61 and dead ends before reaching a public road at the other end. The foregoing has been the location and size of the road for over twenty-one years.

Response:   Denied as written. It is admitted that the traveled portion of Township Road 248 averages a ten (10) foot width from County Road 61 to the point of which the right of way is no longer used for travel.

{¶25} Subsequently, the following argument is contained in Appellant's June 30, 2004, summary judgment motion:

"O.R.C. § 5553.02 requires that all county roads begin and end on a public roadway. In the instant case the current and

proposed roadway does not comply with this statutory

requirement.  Indeed, the road dead ends."

As part of their motion, Appellants argued that as the roadway became

"public" by prescription rather than dedication, "the dimensions of LTR 248

are only that which the public has been using for the past 21 years."

Thus, while the width was the main area of contention between the parties

from the beginning of this dispute, it appears that the length was also an area

of disagreement.

{¶26} Further, in support of their argument that the direction of the

road depicted in the county engineer's August 18, 2009, is inaccurate,

Appellants attached a letter dated March 10, 1999, which appears to be from

the Lawrence Township Trustees.  The information contained in this letter

indicates that a question had been raised regarding where Township Road

248 ends and seems to suggest that the road ended into a trail that was not

owned or maintained by the township.  Appellant also attached what

purports to be meeting minutes of the township trustees, dated December 9,

2002.  Contained in the minutes is a notation that one of the trustees made a

motion to request the county engineer "for a survey and location of right of

way on T 248 from the current survey end to the Wm McKensey property

line."

**{¶27}** Appellants argument on appeal is that the August 18, 2009, survey filed by the county engineer inaccurately depicts the road going in a westerly direction toward what used to be the McKensey property, rather than in a southerly direction as believed by Appellants. However, in our view, the documents provided by Appellants illustrate the fact that not only was the length of the road at issue well before the first appeal, so was the direction of the road.

**{¶28}** In light of the information contained in the record indicating that the length of the road was an area of disagreement between the parties from the beginning, as well as the information provided by Appellants themselves indicating they were on notice that there was a question about the direction in which the road proceeded after a certain point, we believe that Appellant should have raised this issue as part of the original appeal of this matter. Thus, as indicated above, our consideration of these issues for the first time, as part of the fourth appeal of this matter and eight years after this litigation began is barred by res judicata. In light of the foregoing, Appellants' first and second assignments of error are overruled.

ASSIGNMENT OF ERROR III

**{¶29}** In their third assignment of error, Appellants contend that the trial court erred or abused its discretion in failing to hold an evidentiary

hearing on the issues raised in their motion. However, based upon the following, we disagree.

{¶30} Comparing Appellants' motion to set aside the survey to a motion to set aside a judgment, such as pursuant to Civ.R. 60(B) for instance, we note that "the Civil Rules do not require the trial court to hold a hearing before its granting or dismissing of a Civ.R. 60(B) motion." *Collins Financial Serv. v. Murray*, 11th Dist. No. 2008-P-0095, 2009-Ohio-4619, ¶ 29; citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103, 316 N.E.2d 469 (1974); see also, *Daimler Chrysler Financial v. L.N.H., Inc.*, 8th Dist. No. 97437, 2012-Ohio-2204, ¶ 16 ("When a Civ.R. 60(B) motion 'contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion.' "). Further, comparing Appellants' motion to a motion to set aside a settlement agreement, we note that a trial court must only hold an evidentiary hearing if the motion "legitimately disputes the substance or existence of the purported agreement." *Maury v. Maury*, 7th Dist. No. 06 CA 837, 2008-Ohio-3326, ¶ 47.

{¶31} Here, we do not believe that Appellants' motion legitimately disputed the substance or accuracy of the survey at issue. Nor can we conclude that it set forth operative facts which would have warranted an

evidentiary hearing.  Further, in light of our finding that the issues raised by

Appellant regarding the length and direction of the road are barred by res

judicata, we cannot conclude that the trial court's decision to deny

Appellants' motion without first holding an evidentiary hearing was

arbitrary or capricious, or otherwise and an abuse of discretion.  As such,

Appellant's third and final assignment of error is overruled and the decision

of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. & Abele, J.: Concur in Judgment and Opinion.


For the Court,

BY:    _____
          Matthew W. McFarland
          Presiding Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**