DECISION.
{¶ 1} Plaintiff-appellants Brandon, Michael, and Ellen Geiger sued the Westfield National Insurance Company, claiming bad faith and fraud in Westfield's handling of an underinsured motorist ("UIM") claim. The Geigers also sought punitive damages. The trial court granted summary judgment in favor of Westfield without comment, but presumably on the grounds that either (1) the Geigers' case was barred by res judicata, or (2) the Geigers had previously released all claims against Westfield. The Geigers now appeal. We reverse.
 De Novo Review {¶ 2} We review the trial court's judgment de novo.[1] Summary judgment is appropriate if (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can came to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.[2]
 The UIM Lawsuit {¶ 3} Fourteen-year old Brandon Geiger was hit by a car driven by John Sulau. He was seriously injured. Brandon and his parents sued John Sulau and his father, William, for negligence, negligent entrustment, loss of consortium, and emotional distress. The Geigers' later amended their complaint and added a claim for UIM coverage, joining Westfield, their insurance company, as a defendant. Following binding arbitration between the Geigers and Westfield, the Geigers were awarded over $1.4 *Page 3 
million, and the parties signed a satisfaction of arbitration award. In the award, the Geigers agreed to dismiss with prejudice the underlying lawsuit, "Case No. A-0404364." The trial court in that case later journalized a document entitled "stipulation of dismissal," which was signed by both parties. The stipulation stated that "all matters in controversy between the remaining parties in this case having been amicably resolved, * * * this matter is hereby dismissed with prejudice."
 The Second Lawsuit {¶ 4} After case number A-0404364 had been dismissed, the Geigers filed another lawsuit against Westfield. In their complaint, the Geigers claimed that Westfield had breached its duty of good faith and fair dealing in the way that it had handled the Geigers' UIM claim. The Geigers also alleged fraud, and sought punitive damages. Some of the facts pled included claims that Westfield refused to promptly or fairly assess their claim, and that Westfield had questioned coverage without reasonable justification. The Geigers also took issue with the settlement amounts initially offered by Westfield, and with representations made by Westfield concerning the Geigers' policy.
 Res Judicata {¶ 5} In their first assignment of error, the Geigers argue that their second lawsuit against Westfield was not barred by the doctrine of res judicata. The Geigers are correct.
 {¶ 6} According to the Ohio Supreme Court in Grava v. ParkmanTwp., [3] under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." In Grava, the court cited with approval *Page 4 
the Restatement of Judgments, defining the same transaction or occurrence as those having a "common nucleus of operative facts."[4]
 {¶ 7} Although it pre-dates Grava, the Ohio Supreme Court case ofNorwood v. McDonald[5] is helpful in determining what a "common nucleus of operative facts" is. The Norwood court found that, to determine whether a second action is barred by a first, a court should consider the facts essential to the maintenance of each cause of action.[6] If the same facts or evidence would sustain both, then the second action is barred by res judicata.[7] If, however, the two cases rely upon different facts, a judgment in one case is no bar to the maintenance of the other.[8] "Different facts" do not include "different shadings of the facts" or an emphasis "of different elements of the facts."[9]
 The Facts {¶ 8} Here, in the Geigers' first lawsuit, the facts needed to prove UIM coverage centered on the existence of a UIM policy, the extent of the Sulaus' liability, the amount of damage to the Geigers, and damage in excess of what the Sulaus' insurance policy would pay.[10]
 {¶ 9} By contrast, the facts needed to maintain the second lawsuit revolve around Westfield's actions in processing the Geigers' UIM claim. The tort of bad faith exists when an insurer's refusal to pay a claim is not based on circumstances that would *Page 5 
reasonably justify the refusal.[11] Likewise, the Geigers' fraud claim focuses on Westfield's actions — namely the representations it made concerning the Geigers' policy and the Geigers' UIM claim.[12]
Finally, to recover punitive damages, the Geigers would have to demonstrate that Westfield acted with "actual malice," which is characterized by hatred or ill-will.[13] The facts necessary to maintain these claims, while perhaps tangentially related to the first cause of action, are not the same as those needed for the first. The first suit focused on Westfield's contractual liability and the Sulaus' negligence, the second on Westfield's actions in the processing of the Geigers' claims.[14] So, res judicata does not bar this cause of action. The Geigers' first assignment of error is sustained.
 The Dismissal was not a Release {¶ 10} In their second assignment of error, the Geigers contend that the trial court erred in granting summary judgment on the basis that the Geigers had released all future claims against Westfield in the satisfaction of arbitration award and the stipulation of dismissal. The record is unclear as to whether this was the basis for summary judgment. But, to the extent that it was, the trial court erred.
 {¶ 11} Neither the satisfaction of arbitration award nor the stipulation of dismissal purport to do anything other than to dismiss case number A-0404364. There is no release language in either document.[15] Viewing these documents in a light most favorable to the Geigers, we interpret them to be nothing other than what they purport to *Page 6 
be — an agreement to dismiss case A-0404364, and a dismissal. The Geigers' second assignment of error is sustained.
 {¶ 12} In sum, we reverse the trial court's summary judgment in favor of Westfield, and remand this cause for further proceedings.
Judgment reversed and cause remanded.
PAINTER, P.J., and CUNNINGHAM, J., concur.
[1] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241.
[2] Civ. R. 56 (C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267; see, also, Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107, 662 N.E.2d 264.
[3] 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus.
[4] Id., at 382-383, 1995-Ohio-331, 653 N.E.2d 226.
[5] (1943), 142 Ohio St. 299, 306, 52 N.E.2d 67, overruled, in part, on other grounds as stated in Grava, supra.
[6] Id.
[7] Id.
[8] Id.
[9] Grava, at 383, 1995-Ohio-1995, 653 N.E.2d 226; see, also MiamiValley Hospital v. Purvis, 2nd Dist. No. CA 21740, 2007-Ohio-4721.
[10] See, gererally, Hammock v. Cincinnati Ins. Co., 1st Dist. No. C-020783, 2003-Ohio-5090, ¶ 11; R.C. 3937.18.
[11] Zoppo v. Homestead Ins. Co., 71 Ohio St.3d 552, 1994-Ohio-461,644 N.E.2d 397, paragraph one of the syllabus.
[12] See State ex rel. Illuminating Co. v. Cuyahoga Cty. Court ofCommon Pleas, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 24;Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 49, 570 N.E.2d 1076.
[13] Preston v. Murty (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus; see, also, Calmes v. Goodyear Tire Rubber Co. (1991),61 Ohio St.3d 470, 472-473, 575 N.E.2d 416.
[14] See Buckeye Union Ins. Co. v. State Farm Mutual Auto Ins. (Apr. 16, 1997), 1st Dist. No. C-960282 (An insurer's breach of the duty of good faith gives rise to a cause of action in tort, irrespective of any liability that might arise from a breach of the underlying insurance contract).
[15] Cf Tanker v. North Crest Equestrian Ctr. (1993),86 Ohio App.3d 522, 621 N.E.2d 589 *Page 1