[Cite as *Ross Cty. Bd. of Commrs. v. Roop*, 2013-Ohio-5926.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| BOARD OF COUNTY COMMISSIONERS, | : | |
| | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 13CA3369 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| LEONARD M. ROOP, et al., | : | ENTRY |
| | : | |
| Defendants-Appellees. | : | **Released: 08/21/13** |

_____
APPEARANCES:

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Judith Heimerl Brown, Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellant.

Leo J. Hall, Margulis, Gussler and Hall, Ashville, Ohio, for Appellees.
_____

McFarland, P.J.

{¶1} This is an appeal from a judgment by the Ross County Court of Common Pleas granting summary judgment in favor of Appellees, Leonard M. Roop, et al., and denying Appellant, Ross County Board of Commissioners, an injunction requiring Appellees to remove a non-residential structure located in the Indian Creek Floodway, the construction of which Appellant claims violates a previously recorded deed of open space. On appeal, Appellants contend that the trial court erred in ruling the instant cause of action is barred by res judicata, claim preclusion. However,

we conclude that our prior decision issued in *Board of Commissioners of Ross County v. Leonard M. Roop, et al.*, 4th Dist. No. 10CA3161, 2011-Ohio-1748, (hereinafter referred to as "*Roop II*"), constituted a valid, final judgment rendered upon the merits that bars the present claim, which in our view is based upon the same transaction or occurrence that was the subject matter as the prior action. Appellant's sole assignment of error is therefore overruled. Accordingly, the decision of the trial court is affirmed.

FACTS

{¶2} We note the following facts from our review of this record, and also in part from our previous decision in *Roop II*. In April 1991, the Ross County Board of Commissioners enacted Resolution No. 91-114 which provided regulations for flood hazard areas, for participation in the National Flood Insurance Program, pursuant to R.C. 307.37 and 307.85. In October 1992, Resolution No. 91-114 was amended by Resolution No. 92-152, which extended the identified flood hazard area to include the Indian Creek area, where Appellees' property is located. These resolutions essentially imposed rules and regulations regarding construction in the flood hazard areas, and also required that development permits be obtained prior to the start of construction.

{¶3} Subsequently, on December 8, 1995, a deed of open space was executed by Ross County and was recorded in Volume 7, Page 569 of the Ross County Official Records.  The deed contained development rights and restrictions, including a provision that no new structures or improvements shall be erected on the premises.  Appellees' property is located on the premises covered by the deed of open space.

{¶4} On January 3, 2002, after driving by Appellees' property and noticing the construction of a new building, the Ross County Flood Plain Administrator sent Appellees a letter informing them that the building being constructed was located in the Indian Creek Floodway and that construction in the area was prohibited under Resolution No. 91-114.  The letter instructed Appellees to stop construction immediately, and also advised of the right to request a variance.[1]

{¶5} On January 30, 2002, Appellant, Ross County Board of Commissioners filed a complaint against Appellees, which we will refer to as case no. 02CI44.  The complaint sought a preliminary and permanent injunction for the removal of Appellees' non-residential personal use building, pursuant to R.C. 307.37, 307.40 and Civ.R. 65, claiming the

---

[1] The ultimate denial of Appellees' request for a variance was the subject of a previous appeal to this Court, wherein we upheld the denial of Appellees' variance request. *Roop v. The Floodplain Regulations Variance Bd. of Ross County*, 4th Dist. No. 03CA2707, 2003-Ohio-5522 ("*Roop I*").

construction of the building was in violation of floodplain regulations and the public would suffer irreparable harm if the violation was not abated.

{¶6} On August 4, 2004, Appellees filed a motion for summary judgment, which was subsequently denied. The matter finally proceeded to a bench trial on March 25, 2009. After hearing the evidence presented at trial, the magistrate issued a decision on May 28, 2009, indicating that the floodplain regulations at issue were properly enacted under R.C. 307.37 and 307.85 and that Appellees' construction of their nonresidential structure was in violation of those regulations. The magistrate ruled that the construction would cause irreparable harm if allowed to remain and granted Appellant a permanent injunction ordering Appellees to remove their nonresidential structure.

{¶7} Four months after the issuance of the magistrate's decision, but prior to the trial court's issuance of a final order, Appellant filed another complaint on September 16, 2009, seeking an injunction based upon its claim that Appellees' building was constructed in violation of the open space deed recorded in 1995. We will refer to this second case, from which the present appeal stems, as case no. 09CI631. The trial court issued a final order in case no. 02CI44 adopting the magistrate's decision and granting

Appellant an injunction, thereby ordering Appellees to remove their building.

{¶8} Appellees sought review in this Court of the permanent injunction ordered by the trial court requiring them to remove their non-residential personal use building.  As a result of that appeal, we determined that R.C. 307.37 provided for injunctive relief only with regard to residential structures. Because Appellees' building was non-residential, we reversed the trial court's imposition of injunctive relief.  This decision was released on April 6, 2011.  *Roop II*.

{¶9} Thereafter, Appellant filed a motion for summary judgment in case no. 09CI631, which was still pending in the trial court.  The motion was opposed by Appellees, who filed their own motion for summary judgment on August 15, 2011.  Appellees' motion argued that the case was barred by the final judgment entered in case no. 02CI44 (*Roop II*), and that Appellant was simply attempting to get a different result by setting forth a different claim for recovery that it had chosen not to advance previously.  A final decision in case no. 09CI631 was issued on January 18, 2013.  The decision granted summary judgment in favor of Appellees based upon the doctrine of res judicata, claim preclusion, and dismissed Appellant's complaint.  It is

from this decision and entry that Appellant now brings its timely appeal,

setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED IN RULING THE INSTANT
        ACTION IS BARRED BY RES JUDICATA, CLAIM
        PRECLUSION."

LEGAL ANALYSIS

**{¶11}** In its sole assignment of error, Appellant contends that the trial

court erred in ruling the instant action is barred by res judicata, claim

preclusion.  As indicated above, the trial court granted summary judgment in

favor of Appellees based upon the doctrine of res judicata. Thus, we begin

our analysis by considering our standard of review with respect to the grant

or denial of a motion for summary judgment.

**{¶12}** When reviewing a trial court's decision on a motion for

summary judgment, we conduct a de novo review governed by the standard

set forth in Civ.R. 56. *Comer v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559,

833 N.E.2d 712, ¶ 8. Summary judgment is appropriate when the movant

has established: 1.) there is no genuine issue of material fact; 2.) reasonable

minds can come to but one conclusion, and that conclusion is adverse to the

nonmoving party, with the evidence against that party being construed most

strongly in its favor; and 3.) the moving party is entitled to judgment as a

matter of law. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E .2d 881 (1988), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978) (per curiam). See Civ.R. 56(C).

**{¶13}** The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate the non-moving party has no evidence to support the non-moving party's claims. Civ.R. 56(C). See *Hansen v. Wal-Mart Stores, Inc.*, 4th Dist. No. 07CA2990, 2008-Ohio-2477, ¶ 8. Once the movant supports the motion with appropriate evidentiary materials, the non-moving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Id.

**{¶14}** As mentioned above, the trial court granted summary judgment in favor of Appellees based upon the doctrine of res judicata. According to

the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp*., 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). This Court recently noted in *Cruse v. Finley*, 4th Dist. No. 12CA2, 2012-Ohio-5465, ¶ 12 that

> " 'The party asserting res judicata must show the following four elements: (1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence. *PNC Bank v. Richards*, 10th Dist. No. 11 AP-275, 2012-Ohio-1610, ¶ 10, quoting *Reasoner v. Columbus*, 10th Dist. No. 04AP-800, 2005-Ohio-468, ¶ 5."

{¶15} The doctrine of res judicata involves both claim preclusion (also known as estoppel by judgment) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp*. at 380. Both theories of res judicata are used to prevent relitigation of issues already decided by a court on matters that should have been brought as part of a previous action. *Lasko v. Gen. Motors Corp.*, 11th Dist. No.2002-T-0143, 2003-Ohio-4103;

*Dickess v. Stephens*, 4th Dist. No. 12CA8, 2013-Ohio-1317, ¶ 23. The applicability of res judicata is a question of law that is subject to de novo review. *Altof v. State*, 4th Dist. No. 04CA16, 2006-Ohio-502, ¶ 13; *Dickess v. Stephens*, ¶ 22.

{¶16} Here, at the summary judgment phase and currently on appeal, Appellant essentially limits its argument to the fourth element of the res judicata analysis, contending that the actions set forth in case nos. 02CI44 and 09CI631 did not arise out of the same transaction or occurrence. Thus, our task is to determine if genuine issues of material fact exist about whether Appellant Board's complaints filed in case nos. 02CI44 (*Roop II*) and 09CI631 arose out of the same transaction or occurrence. The trial court held that each complaint arose from the same transaction or occurrence, i.e. "the construction by defendants Roop of the structure that was issue in both cases[,]" which was a non-residential personal use building constructed in the Indian Creek Floodway. Based upon the following, we agree with the trial court's determination.

{¶17} For purposes of a res judicata analysis, a "transaction" is defined as a "common nucleus of operative facts." *Grava* at 382, quoting 1 Restatement of the Law 2d, Judgments (1982) 198-199, Section 24,

Comment b. As the First District explained in *Geiger v. Westfield Natl. Ins.*

*Co.*, 1ˢᵗ Dist. No. C-080355, 2008-Ohio-6904, ¶ 7:

> Although it pre-dates *Grava*, the Ohio Supreme Court case of
>
> *Norwood v. McDonald* [ (1943), 142 Ohio St. 299, 52 N.E.2d
>
> 67, reversed on other grounds in *Grava*,] is helpful in
>
> determining what a "common nucleus of operative facts" is.
>
> The *Norwood* court found that, to determine whether a second
>
> action is barred by a first, a court should consider the facts
>
> essential to the maintenance of each cause of action. If the same
>
> facts or evidence would sustain both, then the second action is
>
> barred by res judicata. If, however, the two cases rely upon
>
> different facts, a judgment in one case is no bar to the
>
> maintenance of the other. "Different facts" do not include
>
> "different shadings of the facts" or an emphasis "of different
>
> elements of the facts." (Footnotes omitted .)

**{¶18}** In *Grava*, a property owner sought approval of an application

for a zoning certificate for construction of a building, which was denied by

the Parkman Township Zoning Inspector based upon Section 404.4 of the

zoning ordinance, which required industrially zoned property to have a

minimum of five acres. *Grava* at 379. Grava then appealed to the Parkman

Township Board of Zoning, seeking a variance from the zoning ordinance, which was also denied. Id. A year later, Grava submitted another application for a zoning certificate to the zoning inspector, claiming he was entitled to construct the building pursuant to Section 906.0 of the zoning ordinance. Id. This application was also denied. Id.

{¶19} Grava appealed again to the Parkman Township Board of Zoning, which denied his appeal, reasoning that his second application was barred by the doctrine of res judicata. Id. at 380. On appeal to the Supreme Court, the Court affirmed the denial of the application for the zoning certificate, holding it was barred by the doctrine of res judicata. Id. at 383. The Court determined that Grava's second application arose from the nucleus of facts that was the subject matter of his first application, which involved his attempt "to construct exactly the same building on the same tract of land[.]" Id. The Court stated that "the only difference between the two applications is the theory of substantive law under which Grava sought relief." Id.

{¶20} We believe the reasoning of *Grava* to be directly on point to the facts presently before us, with the exception that here, Appellant Board is in the position of Grava, attempting to obtain a legal remedy it was denied based upon one legal theory, by trying to assert a new claim in a second

action, based upon a different legal theory.  Though lengthy, we find it very
helpful to consider the reasoning employed by the *Grava* court in reaching
its holding, and thus we include it verbatim:

> In recent years, this court has not limited the application
> of the doctrine of *res judicata* to bar only those subsequent
> actions involving the same legal theory of recovery as a
> previous action. In *Natl. Amusements, Inc. v. Springdale*
> (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180, we
> stated: "It has long been the law of Ohio that 'an existing final
> judgment or decree between the parties to litigation is
> conclusive as to all claims which were *or might have been*
> litigated in a first lawsuit' " (emphasis sic ) (quoting *Rogers v.
> Whitehall* [1986], 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494
> N.E.2d 1387, 1388). We also declared that "[t]he doctrine of *res
> judicata* requires a plaintiff to present every ground for relief in
> the first action, or be forever barred from asserting it." *Id.*

> Today, we expressly adhere to the modern application of
> the doctrine of *res judicata*, as stated in 1 Restatement of the
> Law 2d, Judgments (1982), Sections 24-25, and hold that a
> valid, final judgment rendered upon the merits bars all

subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Therefore, we overrule the second paragraph of the syllabus in *Norwood*, *supra*, and overrule the second paragraph of the syllabus in *Whitehead*, *supra*, to the extent it is inconsistent with today's holding.

Section 24(1) of the Restatement of Judgments, *supra*, at 196, provides: "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar * * *, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." See, also, 46 American Jurisprudence 2d, *supra*, at Sections 516 and 533. Comment b to Section 24 of the Restatement of Judgments, *supra*, at 198-199, defines a "transaction" as a "common nucleus of operative facts." Comment c to Section 24, at 200, plainly states: "That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This

remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief."

Section 25 of the Restatement of Judgments, *supra*, at 209, further explains: "The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant *even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.*" (Emphasis added.) See, also, 46 American Jurisprudence 2d, *supra*, at Sections 535 and 537. The rationale for such a rule is aptly stated in Comment a to Section 24 of the Restatement of Judgments, *supra*, at 196-197: "[I]n the days when civil procedure still bore the imprint of the forms of action and the division between law and equity, the courts were prone to associate claim with a single theory of recovery, so that, with respect to one transaction, a plaintiff might have as many claims as there were theories of the substantive law upon which he could seek relief against the

defendant. Thus, defeated in an action based on one theory, the plaintiff might be able to maintain another action based on a different theory, even though both actions were grounded upon the defendant's identical act or connected acts forming a single life-situation. * * * *The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories,* or variant forms of relief flowing from those theories, that may be available to the plaintiff * * *; regardless of the variations in the evidence needed to support the theories or rights." (Emphasis added.)  *Grava* at 382-383.[2]

**{¶21}** Based upon the reasoning of *Grava*, as well as the principles set forth in the Restatement of Judgments relied upon by the *Grava* court, we conclude that the cause of action brought by Appellant in case no. 09CI631 was based upon the same transaction or occurrence as was the cause of action brought by Appellant in case no. 02CI44, i.e. Appellees' construction of a non-residential personal use building in the Indian Creek Floodway.  In reaching this determination, we believe the correct application of the

---

[2] *Grava* specifically overruled paragraph two of the syllabus of *Norwood*, which set forth a more narrow view of res judicata that "[a] judgment or decree in a former action does not bar a subsequent action where the causes of action are not the same, even though each action relates to the same subject matter."  *Grava* at syllabus.

doctrine of res judicata, as set forth both in *Grava* and the Restatement requires us to focus our attention on Appellees' "act or connected acts forming a single life- situation[,]" i.e. Appellees' act of constructing a building in a flood zone, in violation of valid and existing floodplain regulations, and allegedly in violation of a previously recorded deed of open space, the latter issue having not been determined on the merits by the trial court as the action was dismissed based upon the doctrine of res judicata.

{¶22} Although a cause of action based upon the purported deed of open space existed at the time Appellant's first complaint was filed, Appellant, for whatever reason, chose not to pursue that cause of action. It is clear from the record that Appellant was aware of this potential claim at the time the first action was litigated and thus that claim should have been brought at that time. Because this Court rendered a valid, final judgment upon the merits in *Roop II ,* with respect to case no. 02CI44, the claim brought in case no. 09CI631, which arose out of the transaction or occurrence that was the subject matter *Roop II*, is barred.

{¶23} In reaching our decision, we are mindful of Appellant's argument that upholding the dismissal of their claim would work an injustice. However, based upon facts very similar to the facts presently before us, the *Grava* court reasoned that the refusal to allow the use of an

alternate legal theory overlooked in the previous proceedings did not work an injustice. *Grava* at 383. Further, the *Grava* court reasoned that "[t]he instability that would follow the establishment of a precedent for disregarding the doctrine of *res judicata* for 'equitable' reasons would be greater than the benefit that might result from relieving some cases of individual hardship." Id. at 384.

{¶24} Thus, even when construing the evidence in Appellant's favor, no genuine issue of fact remains. Based upon the foregoing, we agree that Appellees are entitled to judgment as a matter of law. Therefore, we conclude that the trial court correctly granted summary judgment in favor of Appellees. Accordingly, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.:  Concurs in Judgment and Opinion.
Hoover, J.: Concurs in Judgment Only.

For the Court,

BY:  _____
     Matthew W. McFarland
     Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**