[Cite as *Crawford v. Foster*, 2016-Ohio-625.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| DARRELL L. CRAWFORD, et al., | : | |
| | : | Case No. 15CA15 |
| Plaintiffs-Appellants, | : | |
| | : | |
| vs. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| WAID K. FOSTER, et al., | : | |
| | : | |
| Defendants-Appellees. | : | **Released: 02/10/16** |

_____
APPEARANCES:

John M. Halliday, Marietta, Ohio, for Appellants.

Matthew P. Mullen, Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A.,
New Philadelphia, Ohio, for Appellees.

_____

McFarland, J.

{¶1} Darrell L. Crawford (hereinafter "Crawford") appeals the March

19, 2015 judgment entry of the Washington County Court of Common

Pleas, General Division, which granted the Motion for Summary Judgment

filed by Appellee Waid K. Foster (hereinafter "Foster"). Crawford sets forth

three assignments of error which all relate to the merits of an action he

previously brought against his neighbor Foster in the Marietta Municipal

Court, Small Claims Division. Upon our review of the record, we find

Crawford's arguments are barred by application of the doctrine of res

judicata. As such, we decline to consider them and affirm the judgment of the trial court.

## FACTS

{¶2} The pleading docket in this case reflects that Crawford and his spouse filed a complaint against Foster and his spouse on November 14, 2014 in the Washington County Court of Common Pleas for trespass, damages as a result of the alleged trespass, emotional distress due to Mr. Foster's alleged trespass, personal injuries, pain and suffering, and loss of consortium. The Fosters filed a timely answer denying all allegations contained in the complaint except that the Fosters admitted the parties are residents of Washington County; that the Crawfords are married and own property at 103 Schilling Street in Marietta, Ohio; and that the Fosters own property contiguous to the Crawfords' property. The Fosters further asserted additional affirmative defenses, including the doctrine of res judicata.

{¶3} The Fosters served discovery requests. The trial court set the matter for a case management conference on February 17, 2015. On February 12, 2015, the Fosters filed a motion for summary judgment arguing Crawfords' claims are barred by the doctrine of res judicata.

{¶4} In their motion, the Fosters pointed out the Crawfords had filed a previous case against them in the Marietta Municipal Court, Small Claims

Division.  The Fosters argued the Crawfords' claims against them in the Common Pleas Court arose from the same transactions or series of transactions which had been resolved in the prior municipal court case.  The Fosters have referenced the prior municipal court action as "*Crawford I*."

{¶5} The Fosters pointed out in both cases the Crawfords argued that their property adjoining the Fosters' property had been trespassed upon by Mr. Foster and that he had removed a fence and fence posts belonging to the Crawfords.  The Fosters also pointed out in both cases, Mr. Crawford claimed damages to his property and that Mr. Crawford fell, suffering personal injuries.  The common pleas complaint added Mrs. Crawford and Mrs. Foster as parties.  The only new claim in the common pleas complaint was that Mrs. Crawford asserted a claim for loss of consortium.

{¶6} In the motion for summary judgment, the Fosters concluded that a previous valid final judgment had been rendered on the Crawfords' claims in the municipal court decision.  The Fosters attached certified copies of the Marietta Municipal Court's Magistrate's Decision, dated May 28, 2013; the Objection to Magistrate's Report filed June 13, 2013; and the Entry of Orders Upon Report of Magistrate dated December 19, 2013.  The Fosters concluded that the Crawfords' claims in the common pleas court were governed by the doctrine of res judicata.  The Fosters further argued that Mr.

Crawford and his wife were in privity as co-owners of the property and that the prior decision bound Mrs. Crawford as well.  Finally, the Fosters pointed out Mrs. Crawford's loss of consortium claim was derivative in nature, and was dependent on the success of her husband's personal injury claim which had failed and was now barred.  As such, her consortium claim was also barred.

{¶7} The Crawfords filed a motion in opposition to the motion for summary judgment essentially arguing only that application of the doctrine of res judicata would effectually deny the spouses their day in court.  The Washington County Court of Common Pleas agreed with the Fosters.  On March 11, 2015, the trial court granted the Fosters' motion for summary judgment, finding no genuine issues of material fact and that the dispute had been resolved in the prior adjudication in Marietta Municipal Court.  On March 19, 2015, the court entered its final judgment entry dismissing the Crawfords' complaint with prejudice and noting the entry was a final appealable judgment.  We reference the common pleas court case and decision as *Crawford II.*

{¶8} This timely appeal followed.  On April 16, 2015, the Crawfords also filed a civil docket statement.  On May 4, 2015, Mr. Crawford filed a letter asking it be considered a "formal request for hearing."  By the court of

appeals' magistrate's order of June 15, 2015, Mr. Crawford was ordered to file a brief that complied with the appellate rules. On June 8, 2015, Mr. Crawford filed additional paperwork captioned "New Evidence," which the appellate magistrate ordered stricken from the record in its June 15, 2015 entry. On June 24, 2015, the Crawfords filed a motion for extension of time, which this court granted, and indicated they would be retaining a lawyer to prepare and file their brief.

{¶9} On July 6, 2015, the Crawfords filed a brief, pro se, containing three assignments of error and citing one Ohio court decision. On July 24, 2015, the Fosters filed their brief. On August 24, 2015, the Crawfords filed an "Addendum to Brief of Appellant" which redrafted the initial three assignments of error, added two more, and cited no case law to support the Crawfords' position. On September 29, 2015, Attorney John M. Halliday filed a notice of appearance as counsel of record for the Crawfords. Also on that date, the parties' appellate counsel filed a joint waiver of oral argument. Where relevant, additional facts will be related below.

ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ERRED IN MISCONSTRUING THE LEGAL CONSEQUENCES OF APPELLEES' TRESPASS ON APPELLANT'S PROPERTY.

II. THE TRIAL COURT ERRED IN NOT ASSESSING
DAMAGES FOR APPELLEES' TRESPASS ON
APPELLANT'S PROPERTY.

III. THE TRIAL COURT ERRED IN NOT CONSIDERING
THE MAGISTRATE'S CONCURRENCE OF LAW NO. 4
INVOLVING THE QUESTIONABLE CREDIBILITY OF
THE DEFENDANT APPELLEE."

{¶10} In the magistrate's order of June 15, 2015, we directed the

Crawfords to the guide to self-representation in the court of appeals

available on our court website.  Mr. Crawford indicated he agreed with the

court's strong suggestion in the guide that he retain counsel.  However, the

Crawfords' brief filed July 6, 2015 was pro se.  We note: "It is well

established that pro se litigants are held to the same rules, procedures, and

standards as litigants who are represented by counsel, and must accept the

results of their own mistakes and errors." *Cooke v. Bowen,* 4th Dist. Scioto

No. 12CA3497, 2013-Ohio-4771, ¶ 40, quoting *Selvage v. Emnett,* 181 Ohio

App.3d 371, 2009-Ohio-940, 909 NE.2d 143 ¶ 13 (4th Dist.) (Internal

citations omitted.)  "Leniency does not mean that we are required 'to find

substance where none exists, to advance an argument for a pro se litigant or

to address issues not properly raised.' " *Cooke, supra,* quoting *State v.*

*Healee,* 4th Dist. Washington No. 08CA6, 2009-Ohio-873, ¶ 6, quoting

*State v. Nayar,* 4th Dist. Lawrence No. 07CA6, 2007-Ohio-6092, ¶ 28.[1]

{¶11} Here, we find ourselves constrained to review the facts as

gleaned from the limited record and presented in the parties' appellate briefs.

We are also limited to consideration of the Crawfords' brief filed July 6,

2015. We cannot construe the Crawfords' "addendum" as a reply brief,

given it was filed outside of the 10-day requirement under App.R. 18.

STANDARD OF REVIEW

{¶12} Appellate courts conduct a de novo review of trial court

summary judgment decisions. *Ogle v. Ohio Power Co.,* 4th Dist. Hocking

No. 14CA15, 2014-Ohio-1724, ¶ 6. See, *Grafton v. Ohio Edison Co.,* 77

Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, an appellate

court must independently review the record to determine if summary

judgment is appropriate and an appellate court need not defer to the trial

court's decision. See, *Brown v. Scioto Bd. of Commrs.,* 87 Ohio App.3d 704,

---

[1] We observe Mr. Crawford attached to the civil docket a letter and other documents which indicate he could not obtain a transcript of the small claims hearing that he deems necessary for consideration to include within these proceedings. Pursuant to App.R. 9(B), it is the duty of an appellant to include in the appeal a complete transcript of the proceedings that the appellant considers necessary for inclusion. Pursuant to App.R. 9(C), if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. And, the parties may prepare and sign an agreed statement as to the record on appeal pursuant to App.R. 9(D). We do not see the Crawfords took additional measures available under the appellate rules to supplement the record in any way. In light of our disposition of the instant appeal, the missing transcript may not have been necessary. However, we point out these appellate rules in an effort to underscore what we suggest on the website: that although individuals may self-represent in an appeal, we strongly advise retention of counsel.

711, 622 N.E.2d 1153 (1993); *Morehead v. Conley,* 75 Ohio App.3d 409,

411-412, 599 N.E.2d 786 (1991). Thus, to determine whether a trial court

properly granted a summary judgment motion, an appellate court must

review the Civ.R. 56 summary judgment standards, as well as the applicable

law.

{¶13} Civ.R. 56(C) provides, in relevant part, as follows:

" * * * Summary judgment shall be rendered forthwith if the
pleadings, deposition, answers to interrogatories, written
admissions, affidavits, transcripts of evidence in the pending
case, and written stipulations of fact, if any, timely filed in the
action, show that there is no genuine issue as to any material
fact and that the moving party is entitled to judgment as a
matter of law. No evidence or stipulation may be considered
except as stated in this rule. A summary judgment shall not be
rendered unless it appears from the evidence or stipulation, and
only from the evidence or stipulation, that reasonable minds can
come to but one conclusion and that conclusion is adverse to
the party against whom the motion for summary judgment is
made, that party being entitled to have the evidence or
stipulation construed most strongly in the party's favor." *Ogle,
supra,* at ¶ 7.

{¶14} Pursuant to Civ.R. 56, a trial court may not award summary

judgment unless the evidence demonstrates that: (1) no genuine issue as to

any material fact remains to be litigated; (2) the moving party is entitled to

judgment as a matter of law; and (3) reasonable minds can come to but one

conclusion, and after viewing such evidence most strongly in favor of the

nonmoving party, that conclusion is adverse to the party against whom the

motion for summary judgment is made. *Ogle, supra,* at ¶ 8. See, *Vahila v. Hall,* 77 Ohio St.3d 421, 429-430, 674 N.E.2d 1164 (1997).

## LEGAL ANALYSIS

{¶15} Although the Crawfords have appealed the final entry dismissing their complaint, the final entry followed the common pleas court's March 11, 2015 ruling on the Fosters' motion for summary judgment. Essentially, the Crawfords' three assignments of error all relate to the merits of the municipal court decision regarding the Crawfords' claims of trespass and damage. However, we do not reach consideration of the merits of the assignments of error as we agree with the common pleas court's March 11, 2015 ruling. Upon our de novo review of the record, we find the doctrine of res judicata does apply to bar Appellants' underlying claims in the common pleas court and the current appeal.

{¶16} According to the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Ross County Bd. of Commrs. v. Roop*, 4th Dist. Ross No. 13CA3369, 2013-Ohio-5926, ¶ 14, quoting *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). This Court noted in *Cruse v. Finley,* 4th Dist. Lawrence No. 12CA2, 2012-Ohio-5465,

¶ 12, that:

> " 'The party asserting res judicata must show the following four elements: (1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence. *PNC Bank v. Richards,* 10th Dist. Franklin No. 11 AP-275, 2012-Ohio-1610, ¶ 10, quoting *Reasoner v. Columbus,* 10th Dist. Franklin No. 04AP-800, 2005-Ohio-468, ¶ 5."

{¶17} The doctrine of res judicata involves both claim preclusion (also known as estoppel by judgment) and issue preclusion (traditionally known as collateral estoppel). *Roop, supra,* at ¶ 14; *Grava v. Parkman Twp.* at 380. Both theories of res judicata are used to prevent relitigation of issues already decided by a court on matters that should have been brought as part of a previous action. *Lasko v. Gen. Motors Corp.,* 11th Dist. Trumbull No. 2002-T-0143, 2003-Ohio-4103; *Dickess v. Stephens,* 4th Dist. Lawrence No. 12CA8, 2013-Ohio-1317, ¶ 23. The applicability of res judicata is a question of law that is subject to de novo review. *Altof v. State,* 4th Dist. Gallia No. 04CA16, 2006-Ohio-502, ¶ 13; *Dickess v. Stephens*, ¶ 22.

{¶18} The magistrate's decision in the Marietta Municipal Court set forth the procedural history of the case which demonstrated Mr. Crawford filed a complaint against Mr. Foster on January 13, 2013 for destruction of property and trespassing. When the complaint was successfully served,

Foster filed a counterclaim alleging intimidation and harassment, trespass, and "foul-calling language." The magistrate dismissed the counterclaim except for the trespass portion. The matter came on for a contested hearing on March 11, 2013. The magistrate made six (6) findings of fact, which we have summarized, as follows:

> 1) Plaintiff and Defendant own contiguous property in Washington County, Ohio. Plaintiff's chain link fence encroached on Defendant's property. (See Plaintiff's survey.)
>
> 2) Over the last few years increased tension developed between the neighbors regarding the encroachment. On September 7, 2012 as Plaintiff was returning home from the hospital after recovering from a heart attack, Defendant approached Plaintiff in his driveway and advised he was going to remove the encroaching fence. An argument ensued. Defendant began removing the fence. Plaintiff called the Sheriff.
>
> 3) The Deputy arrived. The parties agreed the fence was encroaching and Plaintiff's brother-in-law worked with Defendant to tear down the fence. Defendant removed the fence posts and concrete footings with his tractor. Plaintiff claimed damages for ruts caused by the tractor. Defendant testified the tractor was not on Plaintiff's property.
>
> 4) Defendant first testified he didn't take the fence down. Then he admitted on cross-examination he participated.
>
> 5) Plaintiff sought to recover the cost of the fence and repair to his yard.
>
> 6) Plaintiff testified he injured himself in a fall on October 29, 2012 when he tripped over a concrete footing which had been removed. He claimed injury and sought reimbursement for Tylenol purchase for headaches.

The magistrate concluded that:

> 1) Appellee was entitled by law to remove the encroachment on his property;
>
> 2) Appellant was not entitled to recover for damage caused by the fence posts and concrete footings;
>
> 3) Appellee was not legally responsible for Appellant's fall over his own fence posts on his own property;
>
> 4) Appellee failed to prove Appellant trespassed on his land other than the trespass of the fence; and, Appellee failed to prove damages caused by Appellant.

**{¶19}** The court ordered judgment for Foster on the original complaint and judgment for Crawford on the trespass counterclaim. Crawford filed a timely objection and Foster filed a response to the objection. The municipal court judge filed an entry and orders upon the report of the magistrate. For the reasons which follow, our de novo review supports the trial court's decision.

1) *Crawford I* was a valid prior judgment.

**{¶20}** Mr. Crawford had his day in small claims court. Per Civ.R. 53(D)(3)(b)(i), he filed an objection and Foster filed a response to the objection. Pursuant to Civ.R. 53(D)(4), the municipal court judge reviewed the matter and adopted the magistrate's decision. We have reviewed the municipal court decision. While we may or may not have made the same decision, we defer to the judgment of the magistrate who was in the best

position to observe the witnesses and weigh credibility. *Nolen v. Rase,* 4th

Dist. Scioto No. 13CA3536, 2013-Ohio-5680, ¶ 13; *Seasons Coal Co. v.*

*Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).  We discern no

reason that the municipal court's decision was not a valid final judgment.[2]

> 2)  The common pleas case involved the same parties as the municipal
> court case.

**{¶21}** Attached to the Fosters' brief are the municipal court pleadings

from *Crawford I* which demonstrates that the parties are essentially the

same.  The Crawfords' brief concedes this fact in its statement of the case

and statement of facts.  The Fosters point out the only difference between

parties in the municipal court and common pleas court cases is the addition

of spouses, and that the spouses are in privity with the previous parties.

**{¶22}** The concept of privity has been described as "amorphous."

*Price v. Carter Lumber Co.,* 9th Dist. Summit No. 26243, 2012-Ohio-6109,

¶ 10, quoting *Robinson v. Springfield Local School Dist. Bd. of Edn.,* 9th

Dist. Summit No. 20606, 2002-Ohio-1382, ¶ 10. *Kirkhart v. Keiper*, 101

Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8, quoting *Brown v.*

*Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000).  Privity may exist

---

[2] But see, *Sheehan v. McRedmond,* (Nov. 5, 1998), 1998 WL774983,*2 (8th Dist.) (Where contract was void and prior action was not valid, there is no "valid final judgment"); *State v. Arledge,* 2nd Dist. Montgomery No. 24755, 2012-Ohio- 414, ¶ 12, (Where defendant's 2008 classification as a Tier III sex offender was pursuant to a statute that the Supreme Court held violated the Ohio Constitution, there was no "valid final judgment").

when a party and another individual "have mutual interests, including the same desired result." *Carter, supra,* at ¶ 10. Preclusion " 'applies likewise to those in privity with the litigants and to those who could have entered the proceeding but did not avail themselves of the opportunity.' " *Carter, supra,* at ¶ 12, quoting *Howell v. Richardson,* 45 Ohio St.3d 365, 367, 544 N.E.2d 878 (1989).

{¶23} In this case, Mrs. Crawford could have joined the municipal court action and, for some reason, did not. Mr. Crawford asserted the same claims in both actions and it is reasonable to conclude that Mrs. Crawford was aware of any claim for loss of consortium when the municipal court action was commenced and that she should have availed herself of the opportunity at that time. We discern no reason why we should not consider the spouses to be in privity with the parties in this matter.

3) The common pleas case involved the same claims as the municipal court case.

{¶24} As set forth above, the doctrine of res judicata involves issue preclusion. Issue preclusion "will preclude the relitigation of a fact or point that was actually and directly at issue in a previous proceeding between the same parties or their privies, and was passed upon and determined by a court of competent jurisdiction." *Robinson, supra.* "It is not enough that a similar issue * * * was litigated and decided * * *. For collateral estoppel to bar the

relitigation of an issue, precisely the same issue must have previously been litigated and decided." (Emphasis in original.) *Thompson v. Wing*, 70 Ohio St.3d 176, 185, 637 N.E.2d 917 (1994).

> "The main legal thread which runs throughout the determination of the applicability of * * * collateral estoppel[ ] is the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense. Accordingly, an absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action. Collaterally estopping a party from relitigating an issue previously decided against it violates due process where it could not be foreseen that the issue would subsequently be utilized collaterally, and where the party had little knowledge or incentive to litigate fully and vigorously in the first action due to the procedural and/or factual circumstances presented therein." (Internal citations omitted.) *Goodson v. McDonough Power Equipment, Inc.,* 2 Ohio St.3d 193, 200-201, 443 N.E.2d 978 (1983). *Price, supra,* at ¶ 11.

Moreover, "collateral estoppel operates only where all of the parties to the present proceeding were bound by the prior judgment." *Id.* at paragraph one of the syllabus. *Price, supra,* at ¶ 11.

{¶25} The pleadings in *Crawford I* demonstrate Crawford pursued claims for trespass and damage. The Marietta Municipal Court held a hearing on March 11, 2013 wherein Crawford testified, in addition to trespass and damage, that Mr. Foster caused him to fall and injure himself. In the common pleas complaint, the Crawfords asserted claims for trespass,

damage, personal injuries, and pain and suffering.  Although Mr. Crawford's

municipal court complaint did not allege personal injuries and pain and

suffering, the magistrate's findings indicate he testified to these claims and

the magistrate decided that Foster was not legally responsible for Crawford's

fall.  In this matter, it can be said that precisely the same issues brought in

*Crawford II* were litigated and decided in *Crawford I.*[3]

4)  Both actions arise from the same occurrence.

{¶26} The pleadings from Marietta Municipal Court and Washington

County Common Pleas court demonstrate that all Crawfords' claims arose

from the events which occurred on September 7, 2012 at the parties'

adjoining property.

CONCLUSION

{¶27} For the foregoing reasons, we find the trial court did not err in

its dismissal of the Crawfords' common pleas court complaint on the basis

of res judicata.  As such we decline to consider the merits of Crawfords'

assignments of error.  The judgment of the Washington County Common

Pleas Court is hereby affirmed.

---

[3] The only other difference in the common pleas complaint was the inclusion of Mrs. Crawford's derivative claim for loss of consortium.  Because a derivative claim cannot afford greater relief than that relief permitted under a primary claim, a derivative claim fails when the primary claim fails. *Mender v. Chauncey*, 4th Dist. Athens No. 14CA34, 2015-Ohio-4105, ¶ 31, citing *Bowen v. Kil-Kare, Inc.,* 63 Ohio St.3d 84, 93, 585 N.E.2d 384 (1992).  In that Mrs. Crawford's loss of consortium claim was dependent on the success of Mr. Crawford's claim for personal injuries, we find the inclusion of the claim in *Crawford II* to be irrelevant to our analysis here.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellants.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court,


BY:  _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**